IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Edward Fambro, Michael Holmes and Kimberly Gertman, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Atlanta,<br><br>Defendant. | Civil Action No.<br>_____ |

# COMPLAINT

Plaintiffs Edward Fambro, ("Fambro") Michael Holmes, ("Holmes") and Kimberly Gertman ("Gertman") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, bring this Complaint against the City of Atlanta, ("the City") and show the Court as follows:

*(1)  Introduction*

1.

This is a wage and hour case.

2.

Plaintiffs are corrections officers employed by the City.  The City compensates them and other similarly situated employees in the City's Corrections Department with compensatory time in lieu of overtime compensation in a manner violative of the FLSA.

3.

Plaintiffs ask this Court to certify a collective of similarly situated individuals, to wit, "All persons who the City of Atlanta employed in the City's Corrections Department in the three years prior to December 6, 2017, who were awarded compensatory time in lieu of overtime, and who consent in writing to their inclusion in a collective action."

4.

Fambro's Consent to Serve as a Plaintiff Representative in this FLSA action is filed herewith as Exhibit "A".

5.

Holmes' Consent to Serve as a Plaintiff Representative in this FLSA action is filed herewith as Exhibit "B".

6.

Gertman's Consent to Serve as a Plaintiff Representative in this FLSA action is filed herewith as Exhibit "C".

7.

Plaintiffs request collective relief because the City treated employees in its Corrections Department in a similar manner with respect to compensatory time.

*(2)   Jurisdiction and Venue*

8.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C. § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

9.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because the City is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

*(3)   The Parties*

10.

Fambro resides in Fulton County, Georgia.

11.

Holmes resides in Fulton County, Georgia.

12.

Gertman resides in Henry County, Georgia.

13.

The City is a municipal corporation organized under the laws of the State of Georgia.

14.

The City is subject to the personal jurisdiction of this Court.

15.

At all times material hereto, the City was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

16.

At all times material hereto, Plaintiffs were "employees" of the City as defined in the FLSA § 3(e)(2)(c)), 29 U.S.C. § 203(e)(2)(c)).

17.

At all times material hereto, the City employed the Plaintiffs as corrections officers.

18.

At all times material hereto, Plaintiffs have performed such work as conducting investigations or inspections for violations of law.

19.

At all times material hereto, Plaintiffs have performed such work as detaining or supervising suspected and convicted criminals.

20.

At all times material hereto, Plaintiffs have performed such work as interrogating and fingerprinting suspects.

21.

At all times material hereto, Plaintiffs have performed such work as preparing investigative reports.

22.

At all times material hereto, Plaintiffs were not exempt from the requirement they be paid an overtime premium pursuant to 29 CFR §541.3(b).

*(4)   Additional Factual Allegations*

23.

The City employed Fambro as a corrections officer from July 5, 1994 through the date of filing of this action.

24.

The City employed Holmes as a corrections officer from October 15, 1991 through the date of filing of this action.

25.

The City employed Gertman as a corrections officer from December 1999 through October 2, 2017.

26.

At all times material hereto, the City did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

27.

At all times material hereto, the City did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

28.

At all times material hereto, the City did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

29.

At all times material hereto, Plaintiffs were not exempt from the maximum hours requirements of the FLSA by reason of any exemption.

30.

At all times material hereto, the City determined overtime for its corrections officers on the basis of 28-day work periods.

31.

At all times material hereto, the City compensated Plaintiffs and the collective they seek to represent for work in excess of 171 hours in a 28-day work period ("overtime") by awarding compensatory time in lieu of overtime compensation.

32.

At all times material hereto, the City compensated Plaintiffs and the collective they seek to represent for overtime by awarding compensatory time in lieu of monetary compensation at a rate of one hour of compensatory time for each hour of overtime.

33.

At all times material hereto, the City failed to compensate Plaintiffs and the collective they seek to represent for accrued compensatory time upon their separation from employment.

34.

At all times material hereto, the City failed to compensate Plaintiffs and the collective they seek to represent for overtime after their comp time accruals reached 480 hours.

35.

At all times material hereto, the City periodically and unlawfully truncated the compensatory accruals of Plaintiffs and the class they seek to represent.

### COUNT I - FAILURE TO ACCRUE COMPENSATORY TIME AT ONE AND ONE-HALF TIMES THE OVERTIME WORKED

36.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

37.

At all times material hereto, Plaintiffs and the members of the collective they seek to represent were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

38.

During their respective employment with the City, Plaintiffs and the members of the collective they seek to represent regularly worked overtime.

39.

The City failed to pay Plaintiffs and the members of the collective they seek to represent at one-and-one-half times their regular rate for overtime worked in any work period during the entire period of their employment.

40.

The City compensated Plaintiffs and the members of the collective they seek to represent with compensatory time in lieu of a monetary payment for overtime worked at all times during their employment.

41.

The City awarded such compensatory time on the basis of one hour of compensatory time for each hour of overtime worked in violation FLSA § 7(o)(1), 29 U.S.C. § 207(o)(1) and 29 CFR §553.20

42.

Plaintiffs and the members of the collective they seek to represent are entitled to due but unpaid overtime at one-and-one-half their regular rate for overtime worked pursuant to FLSA.

43.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

44.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to their litigation costs, including their reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT II - FAILURE TO PAY ACCRUED COMPENSATORY TIME AT SEPARATION OF EMPLOYMENT

45.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

46.

At all times material hereto, the City failed to compensate Plaintiffs and the collective they seek to represent for accrued compensatory time upon their separation from employment.

47.

Plaintiffs and the members of the collective they seek to represent are entitled to payment of accrued compensatory time as of their date of separation from employment.

48.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

49.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to their litigation costs, including their reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT III - FAILURE TO PAY OVERTIME**

50.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

51.

At all times material hereto, the City failed to compensate Plaintiffs and the collective they seek to represent for overtime accrued after their compensatory time bank reached 480 hours.

52.

Plaintiffs and the members of the collective they seek to represent are entitled to payment of overtime accrued after their compensatory time bank reached 480 hours.

53.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

54.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to their litigation costs, including their reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT IV - FAILURE TO PAY FOR TRUNCATED COMPENSATORY TIME**

55.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

56.

At all times material hereto, the City periodically and unlawfully truncated the compensatory accruals of Plaintiffs and the class they seek to represent.

57.

Plaintiffs and the members of the collective they seek to represent are entitled to payment of the unlawfully truncated compensatory accruals.

### COUNT V– COLLECTIVE ACTION ALLEGATIONS

58.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

59.

At all times during the three years prior to the filing of this Complaint, the City violated FLSA § 7(o)(1), 29 U.S.C. § 207(o)(1) by failing to calculate compensatory time at one-and-one-half hours of compensatory time for each hour of overtime to employees with the City's Department of Corrections.

60.

At all times during the three years prior to the filing of this Complaint, the City violated FLSA § 7(o)(1), 29 U.S.C. § 207(o)(1) by its treatment of compensatory time in lieu of overtime for all other employees with the City's Department of Corrections in the same manner as alleged above with respect to Plaintiffs Fambro, Holmes and Gertman.

61.

All employees who worked in the City's Department of Corrections within the three years prior to the filing of this action are "similarly situated" to Plaintiffs

Fambro, Holmes and Gertman within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

62.

The City is liable pursuant to 29 U.S.C. § 201 et seq. to all individuals similarly situated to Plaintiffs Plaintiffs Fambro, Holmes and Gertman for unpaid compensatory time, liquidated damages, attorney's fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

63.

The proposed collective of individuals similarly situated to Fambro, Holmes and Gertman should be defined as "All individuals who performed the role of Lieutenant or Captain at any time from three years prior to the date of filing this action through the date of filing of this action."

64.

All such individuals similarly situated to Plaintiffs Fambro, Holmes and Gertman would benefit from the issuance of a Court-supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as Plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

65.

All such individuals similarly situated to Plaintiffs Fambro, Holmes and Gertman are known to the City, are readily identifiable, and can be located through the records of the City.

WHEREFORE, Plaintiffs respectfully pray:

1. Take jurisdiction of this matter;

2. Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

3. Issue a Notice of Present Lawsuit to all individuals similarly situated to Plaintiffs, allowing all such similarly-situated individuals to file their written consent to join this action as Plaintiffs;

4. Issue an Order holding each Defendant to be an "employer" as that term is defined under the FLSA;

5. Grant a trial by jury as to all matters properly triable to a jury;

6. Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that each Defendant has failed to comply with the requirements of the FLSA;

7. Award each Plaintiff proper payment or compensatory time for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as

required by the FLSA;

8. Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

9. Award Plaintiffs and each member of the class they represent nominal damages;

10. Award each Plaintiff and each member of the class they represent their reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

11. Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

*/s/Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375
/s/Charles R. Bridgers
Charles R. Bridgers
Ga. Bar No. 080791

Counsel for Plaintiffs